Filed 09/24/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-02166

---

**Tristan Weide v. Harwood Unified Union School District, et al**

---

## ENTRY REGARDING MOTION

Title: Motion to Reconsider Court's Order Partially Granting Motion for Protective Order
(Motion: 4)
Filer: John J. Boylan, III
Filed Date: September 22, 2025

The motion is GRANTED.

Despite a feint to the contrary in Plaintiff's motion that this Court incorrectly understood to be a representation of such communication, Defendant's motion to reconsider clarifies that Plaintiff **did not** consult with opposing counsel prior to filing the motion for a protective order.

Parties are under an obligation through Rule 26(h) to confer with opposing counsel or attempt to confer to with opposing counsel:

> [A]bout the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the court, as part of his or her motion papers, an affidavit or a certificate of a party's attorney subject to the obligations of Rule 11 certifying that he or she has conferred or has attempted to confer with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the court, and has been unable to reach such an agreement.

> V.R.C.P. 26(h).

This Court, like many other Vermont courts interprets the word "confer" to be an in-person or telephone conversion that cannot be satisfied by e-mail or other typed communications or through prior exchanges. *Passera v. Global Values, Inc.*, Dckt. No. 606-1-19 Wncv (Jun. 2, 2020) (Tomasi, J.); *Johnson v. Smith*, Dckt. No. 573-7-16 Cncv (Oct. 6, 2017) (Mello, J.); *Harleysville Worcester Ins. Co. v. Evergreen Roofing, LLC*, Dckt. No. 43-1-13 Cncv (Nov. 7, 2014) (Toor, J.); *Laberge v. Town of*

*Hinesburg,* Dckt. No. 1641213 Env. (Oct. 21, 2014) (Durkin, J.). In these cases, communication and problem solving is key. Parties should have a candid and practical conversation that sets aside any performative aspects to address what the Court has directed the parties to do and whether the responses comply in good faith with this direction or to understand the nature of any on-going or newly asserted objection. In other words, the purpose of the Rule 26(h) conference is for the parties to look at the issues in an objective manner and act in good faith to resolve or narrow. Both sides have a Rule 11 obligation to go through these answers and objections before this motion is ripe for a hearing before the Court.

Only if such a conference cannot satisfy the dispute will the matter be ripe for hearing. Any further motion will require Rule 26(h) certification. Until such time, the Court will not take up Plaintiff's motion.

Based on the foregoing, the prior decision is vacated, and the protective stay is lifted, effective immediately.

**So Ordered.**

Electronically signed on 9/23/2025 6:50 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge